92

670 A.2d 694

Gary D. KOOKER and Rebecca S. Kooker, His Wife

v.

Thomas W. CHIDO, Jr. and Thomas W. Chido, III, Individually and t/d/b/a Chido's Sixty Minute Cleaners and Building Systems, Inc., Jointly and/or Severally.

Appeal of BUILDING SYSTEMS, INC., Jointly and/or Severally.

Superior Court of Pennsylvania.

Argued Dec. 5, 1995.

Filed Jan. 19, 1996.

James R. Fryling, Erie, for appellant.

Howard A. Hain, Erie, for Kooker, appellee.

Before CIRILLO, TAMILIA and BROSKY, JJ.

CIRILLO, Judge:

This is an appeal from an order entered in the Court of Common Pleas of Erie County denying Building Systems, Inc.'s petition to open default judgment. We affirm.

Appellees Gary and Rebecca Kooker (Kookers) brought a negligence suit against Appellant Building Systems, Inc. (Building Systems). Over one month after serving the complaint, the Kookers filed a praecipe for entry of a default

judgment against Building Systems for failure to file an answer. This same day, Building Systems filed an answer and new matter, in addition to filing a petition to open the default judgment. The Kookers then filed preliminary objections to Building Systems' answer and new matter, as well as a brief in opposition to Building Systems' petition to open the default judgment.

On April 20, 1995, after hearing arguments by counsel, the Honorable Michael T. Joyce entered an order and opinion denying Building Systems' petition to open default judgment. On May 1, 1995, Building Systems filed a petition for reconsideration which was also denied by the trial court. This timely notice of appeal followed. Building Systems raises the following issues for our review:

> Did the trial court commit an error of law in finding, without a hearing, that a written extension of time within which to file a pleading was granted to the defendant, Building Systems, Inc.?

> Did the trial court abuse its discretion in refusing to open a judgment by default when the defendant established a timely filing of the petition, the existence of a meritorious defense and a reasonable excuse for delay?

■■■■ Appellant properly appeals from an order refusing to open a judgment. *See* Pa.R.A.P. 311(a)(1). A petition to open a default judgment is addressed to the equitable powers of the court and will not be overturned absent an error of law or clear, manifest abuse of discretion. *Central Penn National Bank v. Williams,* 362 Pa.Super. 229, 523 A.2d 1166 (1987). Ordinarily three factors should be considered and must coalesce before default judgment can be opened: a petition to open must be promptly filed; the failure to file a timely answer must be excused; *and* the party seeking to open judgment must show a meritorious defense. *U.S. Dep't. of Housing v. Dickerson,* 358 Pa.Super. 23, 516 A.2d 749 (1986) (emphasis added); *Triffin v. Thomas,* 316 Pa.Super. 273, 462 A.2d 1346 (1983) (citations omitted).

■ Pennsylvania Rule of Civil Procedure 237.1 states, in part:

(a)(2) No judgment ... by default for failure to plead shall be entered by the prothonotary unless the praecipe for entry includes a certification that a written notice of intention to file the praecipe was mailed or delivered

(ii) in the case of a judgment by default, after the failure to plead to a complaint and at least ten days prior to the date of the filing of the praecipe to the party against whom judgment is to be entered and to his attorney of record, if any.

An exception to this ten-day notice requirement, however, exists. Parties may agree to extend the time to plead prior to the giving of the ten-day notice, and the action may proceed with the filing of the pleading without using the procedure enumerated in Pa.R.C.P. 237.1. *See* Pa.R.C.P. 237.1. When an "exchange of letters" manifesting a meeting of the minds includes an unambiguous statement of a definite time period for the extension, a separate ten-day notice form, set out in Rule 237.1, would not be required before a default judgment was permitted under the rule. *Johnson v. SEPTA,* 524 Pa. 209, 570 A.2d 71 (1990). Accordingly, if the agreement specifies a time within which action must be taken, and such action is not taken, the default judgment may then be entered. *Id.*

■ Building Systems asserts that it was given neither the requisite notice of intent to enter a default judgment nor the courtesy of a properly executed extension agreement, pursuant to Pa.R.C.P. 237. Specifically, Building Systems claims that the alleged letter sent by plaintiffs' counsel was merely a proposal that never stated a specific extended date by which Building Systems was required to file its answer. Because Building Systems was deprived of this requisite notice, it contends that the court should have excused its failure to timely plead and, in not so excusing Building Systems, the court erred in entering a default judgment.[1]

1. Building Systems asserts, in its "Statement of Questions Involved," that it was never given the opportunity of a full hearing with regard to

A review of the record reveals a reply letter dated November 29, 1994, sent by plaintiff's counsel, Howard A. Hain, Esquire to Building Systems' counsel,[2] Michael J. Koehler, Esquire. The content of the letter refers to an extension for filing a response to the plaintiff's complaint in the instant case. Mr. Hain clearly and unequivocally states his acceptance of appellate counsel's request for additional filing time, evidenced in the following language:[3]

> Thus, I [Mr. Hain] will agree to an extension of time of an additional three weeks beyond November 29 for the filing of an answer to the complaint. This would provide a deadline as of the close of Court House business on December 20, 1994.

Building Systems did not respond to plaintiffs' complaint, ultimately, until December 28, 1994. This was clearly beyond both the original time limit under the rule and the extended time limit granted by the above letter.

the determination of whether a written extension agreement ever existed between counsel. However, counsel fails to address the merits of this claim and presents this court with no case law or authority on point with this issue. Because we have held that an issue not supported by authority will be waived, see *Ibn–Sadiika v. Riester*, 380 Pa.Super. 397, 401–02, 551 A.2d 1112, 1114 (1988), we will not address this claim.

    Even if we were to address the merits of whether the court should have provided a full hearing on this issue, appellant's issue would fail. The record indicates that the trial court heard counsel's arguments and reviewed the parties' briefs before coming to its decision with regard to the existence of a written extension to file agreement between the parties. Such judicial review was sufficient to provide Building Systems the time for the court to hear its contentions.

2. This court notes that prior to the entry of the default judgment, Building Systems was represented by counsel other than appellate counsel. Michael J. Koehler, Esquire, was appointed as counsel for Building Systems at the time the petition to open the default judgment was filed. This court subsequently granted Mr. Koehler leave to withdraw his appearance on behalf of Building Systems. New counsel has properly entered his appearance for Building Systems on this appeal.

3. Specifically, Building Systems' counsel sent a letter to opposing counsel advising that it had received the plaintiffs' complaint, and to "respectfully request a reasonable extension of time in which to file a responsive pleading." The conclusion of this letter asked plaintiffs' counsel to "inform me if you would consent to such a request."

The correspondence sent by counsel had sufficiently clear terms. Counsel for Building Systems requested a "reasonable" extension of time and opposing counsel acquiesced to this request by granting a more than reasonable three-week extension. This represented a meeting of the minds for purposes of an agreement under Rule 237. *Miller Block Co. v. U.S. National Bank,* 389 Pa.Super. 461, 567 A.2d 695 (1989) (when letters were in writing, set a specific date and the parties agreed to the extension, writings conformed to Rule 237); *cf. Johnson, supra,* (when one party requested an *open-ended* extension and the other party replied by granting a thirty-day extension, no meeting of the minds occurred for purposes of rule 237.1).

In addition, opposing counsel: stated, without ambiguity, that the extension was to run from the original filing deadline of November 29th; counsel clearly identified the time period for the extension and also provided the exact date upon which this deadline would expire—December 20. The exchange of these letters meets the informal requirements delineating the proper form for correspondence for an extension under Pa. R.C.P. 237.1. *Cf. Alba v. Urology Associates of Kingston,* 409 Pa.Super. 406, 598 A.2d 57 (1991) (where letter referring to 60–day extension for filing of appearance and answer was insufficiently specific to effect waiver of Rule 237.1 notice requirement, failure to file responsive pleading was reasonably excused for purposes of determining whether failure to open default judgment was abuse of discretion by trial court); *Johnson, supra,* (even when exchange of letters between parties identified that a 30–day extension was appropriate, the phrase "30–day extension" in plaintiff's letter was too indefinite as to its application because of the uncertainty as to when the 30 days was to begin running).

Because we have determined that Building Systems was granted a properly written extension to plead its answer, and because Building Systems failed to meet this extended deadline, the court did not err in granting a default judgment to the Kookers. *Johnson, supra.* With regard to the second issue on appeal, Building Systems failed to establish that a

reasonable excuse for failing to plead existed in the instant case. Accordingly, the trial court did not commit either an error of law or an abuse of discretion in refusing to open the default judgment. *Dickerson, supra; Central Penn, supra.*

Order affirmed.