674 A.2d 1099

**Gardner FLYNN and Joan Flynn, h/w**

**v.**

**CASA DI BERTACCHI CORP., Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 6, 1996.

Filed April 9, 1996.

608

Curtis P. Cheyney, III, Stephen A. Search, Philadelphia, for appellant.

John Craynock, Westchester, for appellees.

Before CIRILLO, President Judge Emeritus, BECK, J., and CERCONE, President Judge Emeritus.

CIRILLO, President Judge Emeritus:

This is an appeal from an order denying a petition to open and/or strike a default judgment. We vacate the order and remand.

The present case involves claims by appellees, Gardner and Joan Flynn (collectively, the Flynns), arising out of injuries sustained when Mr. Flynn allegedly fell while working as a contractor at the Casa Di Bertacchi Corporation (Casa) food processing plant. The Flynns alleged that Casa had negligently failed to maintain safe working conditions and had failed to warn the contractors of the dangerous condition of the floor of the plant. This action seeking arbitration was originally filed on November 21, 1994, and served upon Casa on November 28, 1994. Two months earlier, the Flynns had sent a copy of the complaint they intended to file to Casa's insurer, The Home Insurance Company (Home). Neither Casa nor Home filed an answer to the Flynns' complaint,

which included a notice to defend, within the required twenty days. *See* Pa.R.C.P. 1026(a), 42 Pa.C.S.A.

On January 5, 1995, the Flynns served notice of their intention to enter default judgment to both Casa and Home. When the defendant and its insurer still failed to respond, the Flynns' counsel called the insurer and spoke to the claims representative to which the file had been assigned. Counsel agreed to an extension in which to file an answer to the Flynns' complaint. Following this conversation, the claims representative sent a letter to the Flynns' counsel, which stated:

> This is to confirm your telephone conversation with this office in which you granted us an extension of time in which to answer or otherwise plead in the above matter on behalf of RICH PRODUCTS.
>
> This extension is up to and including February 15, 1995.
>
> Please verify the above by signing the enclosed copy of this letter and returning it to this office in the enclosed self-addressed, stamped envelope.
>
> Letter dated 2/1/95.

The Flynns' counsel sent the following reply:

> I have received your letter dated February 1, 1995. This will confirm that we had a pleasant conversation regarding this matter, in which I granted an extension to February 15, 1995 for you to review the file. It will also confirm that I would certainly work with you if you needed further time. However, the Complaint was filed in this case on November 24, 1994 with an arbitration hearing assigned for July 24, 1995. Further, I served a Notice of Intention to Take Default Judgment upon your insured, and sent a copy of same to your company almost a month ago. Accordingly, I did not and cannot grant an extension to "otherwise plead" in response to the Complaint. The extension applies only to an answer.
>
> Letter dated 2/3/95.

February 15, 1995 passed without the filing of a responsive pleading or any call or contact to the Flynns' counsel by either

Casa, Home or its counsel. The Flynns' praecipe for default judgment was filed on February 21, 1995. Subsequently, Casa filed a petition to open and/or strike the default judgment on March 16, 1995, which was denied. Casa appeals and argues that the trial court erred by denying its petition to strike or open the default judgment.

The law is well settled that the decision concerning whether to open a default judgment lies within the sound discretion of the trial court and its decision will not be reversed absent a manifest abuse of discretion or error of law. *Bittenbender v. Southeastern Pennsylvania Transportation Authority,* 362 Pa.Super. 243, 248, 523 A.2d 1173, 1176 (1987) (citations omitted). An abuse of discretion occurs when the law is overridden or misapplied, or when it is clear that the judgment is manifestly unreasonable or the result of passion, prejudice, bias or ill-will. *Castings Condominium Assoc., Inc. v. Klein, et al.,* 444 Pa.Super. 68, 663 A.2d 220, 223 (1995) (citations omitted).

A petition to open a default judgment is addressed to the equitable powers of the court. *Castings, supra.* In reviewing the trial court's refusal to open the default judgment, the appellate court must also determine "whether there are equitable considerations which weigh in favor of opening the default judgment and allowing the defendant to defend the case on the merits. [W]here the equities warrant opening a default judgment, this Court will not hesitate to find an abuse of discretion." *Id.* (quoting *Duckson v. Wee Wheelers, Inc.,* 423 Pa.Super. 251, 254–57, 620 A.2d 1206, 1208–09 (1993)).

The party seeking relief from a default judgment must establish three elements: (1) the petition was timely filed; (2) a reasonable explanation or excuse for the default; and (3) the petitioner had a meritorious defense to the underlying claim.[1] *Castings, supra.*

---

1. Although not applicable to this case, on July 1, 1995 a new procedural rule went into effect intended to ease the burden for parties who move promptly for relief from judgment entered by default or non pros. The new rule provides that if a petition for relief from a default judgment is

The trial court found that Casa had promptly filed its petition and that the defenses of comparative negligence by the plaintiff and reasonable care on the part of Casa were arguably meritorious. The court then determined that Casa failed to offer any explanation for its complete failure to take any action from the service of the complaint until over two weeks after the default judgment had been entered.

■ Although the law does not establish a specific period of time within which a petition to open or strike a judgment must be filed in order to be timely, the court must consider the length of time from the date that notice of the entry of judgment was received and the reason for the delay in filing the petition. *Quatrochi v. Gaiters*, 251 Pa.Super. 115, 122, 380 A.2d 404, 407 (1977). A review of Pennsylvania's previous decisions discloses that fourteen days between the notice of entry of judgment and the filing of the petition was found to be timely, *Alba v. Urology Associates of Kingston*, 409 Pa.Super. 406, 598 A.2d 57 (1991), but that a seventeen day delay between the time when an appellant learned of the default judgment was not prompt. *McCoy v. Public Acceptance Corp. et al.*, 451 Pa. 495, 305 A.2d 698 (1973).

Instantly, the appellant received notice of the default judgment on February 21, 1995. Seventeen days later, on March 10, 1995, counsel for the insurer filed an appearance and the petition to open and/or strike the judgment. The trial court was generous in its conclusion that the petition was timely filed, in light of the previous inactivity by Casa and Home, clearly demonstrating that there was no passion, prejudice,

filed *within ten days after entry of the judgment on the docket,* the court *shall* open the judgment if the petitioner's answer states a meritorious defense. Pa.R.C.P. 237.3 (effective July 1, 1995).

However, as the note to Rule 237.3 illustrates, if the petition is not filed within the ten day period, the petition is not within the scope of the rule and the petitioner must demonstrate to the court "not only that the verified pleading attached to the petition states a meritorious defense but also that the filing of the petition was timely and that there was a reasonable explanation or legitimate excuse for the delay or inactivity." Rule 237.3 does not change the law of opening judgments for petitions filed after ten days from the entry of judgment.

bias, or ill-will underlying the court's decision.[2] *Castings, supra.*

Casa asserts, as the excuse for its delay which caused the default, that it relied on its insurer to protect its interest. Generally, a defendant's justifiable belief that its legal interests are being protected by its insurance company is sufficient legal justification for an insured's relief from default. *Autologic, Inc. v. Cristinzio Movers,* 333 Pa.Super. 173, 481 A.2d 1362 (1984). The insured, however, will be precluded from asserting a justifiable belief that its interests were being protected where the insured fails to inquire of the insurer as to the status of the case after it receives notification of the other party's intention to seek a default judgment. *Id.*

Casa relies on *Duckson, supra,* in support of its assertion of a justifiable belief that its insurer was protecting its interest; this reliance is misplaced. In *Duckson,* we held that an unsophisticated defendant, without any systems in place for monitoring claims lodged against it, would not be held strictly responsible for its failure to question the insurer handling the claim, where opposing counsel knew of insurer's intent to defend the claim prior to sending notice of intent to enter a default judgment. The named defendant in *Duckson* received the complaint on December 4, 1991 which meant that its answer was technically due on December 24, 1991. The default judgment was entered on January 23, 1991—only thirty-one days later. The appellant offered the following as the explanation for its delay: the complaint was delivered to its insurance agency the day after it was received; the agency sent the paperwork to the insurer, who received it on or about December 16, 1991; the insurer inadvertently assigned the case to two different attorneys, which caused considerable confusion and further delay; the transmittal delays were due, in part, to the year-end holidays; appellant's counsel made several attempts to contact opposing counsel, but neither the attorney nor his office returned the calls; and the petition to open the default judgment was filed in one day. We deter-

---

2. Casa does not, however, offer any explanation for the delay in filing the petition for relief from the default judgment.

mined that appellant had sufficiently demonstrated that the delay was the result of an oversight, and was not a deliberate decision not to defend or a deliberate attempt to prejudice the establishment of the plaintiff's case. We further determined that failure of plaintiff's counsel to cooperate was an equitable consideration which compelled opening of the default judgment. We also noted that "a thorough search of case law reveals that in cases where this court refused to accept the excuse of justifiable reliance, (1) the insured was a sophisticated insured with some procedure in place for monitoring claims and (2) the delays, in all cases, were considerably longer" than thirty-one days. *Id.* at 259, 620 A.2d at 1211.

Instantly, Casa is a corporate entity, and it is noteworthy that Casa makes no claim that it lacks an in-house system for monitoring claims against it. It was, therefore, incumbent upon Casa to seek reassurance from its insurer when it received notification of the Flynns' intent to seek a default judgment. *Autologic, supra.* Additionally, Casa's response was due on December 18, 1994 and sixty-five days passed without a response before the entry of the default judgment. Casa has failed to convince this court that we should accept the excuse that it justifiably relied on its insurer. *Duckson, supra.*

Moreover, it was the Flynns' counsel who called the insurer, one month after the notification of the intent to enter the default judgment, and agreed to grant an extension until February 15, 1995. The insurer did make one unsuccessful attempt to contact the Flynns' counsel two days after the extension period expired, but apparently did not follow-up further after that date. The insurer did not even assign the case to counsel until after entry of the default judgment, despite having notice as early as November, 1993. Clearly, it was not plaintiff's counsel who failed to cooperate. *Duckson, supra.*

Ultimately, Casa has offered *no excuse,* reasonable or otherwise, to explain its failure to act. There are no circumstances, such as those offered in *Duckson,* from which the court could

determine that Casa's actions were not an attempt to impede the Flynns' from establishing their claim. *Duckson, supra.* "The trial court cannot open a default judgment based on the 'equities' of the case when the defendant has failed to establish all three of the required criteria." *Castings, supra.* Hence, we find no abuse of discretion or misapplication of the law concerning the trial court's refusal to open the default judgment.

Casa also argues that it justifiably relied on the representation by the Flynns' counsel that he would work with the insurer if it needed further extensions, and that Casa had a reasonable belief that it was no longer in danger of a default judgment after this communication, since no further notice was sent to the named defendant prior to entry of the judgment.[3]

Former Rule 237.1, which was effective until July 1, 1995 and therefore governs this case, provided an exception to the ten-day notice requirement when the parties agreed to extend the time to plead. So long as the agreement specified a time within which action must be taken, if such action was not taken, the default judgment could be entered without "further discussion or warning." *Johnson v. Southeastern Pennsylvania Transportation Authority,* 524 Pa. 209, 217, 570 A.2d 71, 74 (1990). Here, the letter from the Flynns' counsel specifically granted an extension to file an answer by February 15, 1995, in very definite terms. Thus, no notification would have been required, and this claim must fail.

**3.** Casa alleges that it was surprised by the default judgment because (1) one and one-half months had passed since the 10–day notice was sent to the named defendant; (2) counsel had agreed to an extension; and (3) it was in a posture to believe that it would not suffer a default judgment. Casa asserts that "surprise judgments are the evil that Rule 237.1 was designed to erase," and that, to be fair, additional notice should have been sent. Casa has failed, however, to present this court with any case law in support of its argument, and relies solely on selected excerpts from the 1979 explanatory note to the rule. Counsel does not even cite the language of the rule on which it relies in support of its argument. Because an issue not supported by authority is deemed waived, *see Ibn–Sadiika v. Riester,* 380 Pa.Super. 397, 551 A.2d 1112 (1988), we need not consider the merits of this claim. We address it here, however, solely to point out the changes to the rule.

As of July 1, 1995, the effective date of the amended Rule 237.1, notice of an intent to enter judgment of non pros or in default must be sent in all cases prior to the entry of judgment, and cannot be waived. Pa.R.C.P. 237.1(a)(4). The exception to the ten-day notice requirement that was provided in the previous rule no longer exists. Therefore, regardless of whether or not there is an agreement to extend the time within which to plead, notice and the certification required under Rule 237 must be presented prior to the entry of judgment. The notice, however, need only be given once.

Situations such as the one presented herein, where notice was given prior to the agreement to extend the time to plead, are governed by a new rule—Rule 237.2, which states:

*After the notice of intention to enter judgment* required by Rule 237.1 *has been given,* the parties may agree in writing to extend the time within which to file a complaint, an answer or preliminary objections. *The agreement shall be in the form prescribed by Rule 237.6 and shall be signed on behalf of both parties.* If the required action is not taken within the time specified in the agreement, judgment of non pros or by default may be entered *without further notice* under Rule 237.1.

Pa.R.C.P. 237.2 (effective July 1, 1995) (emphasis added). Once the ten-day notice is given, if the parties subsequently agree to extend the time in which to plead or answer, no additional notice is required, *see* Pa.R.C.P. 237.2, Note and Illustration No. 3, and Casa's argument would still fail.

We also stress that informal letters of agreement such as were utilized here and which were previously accepted, *see Johnson, supra* ("exchange of letters" manifesting a meeting of the minds as to the specific period for extension satisfies informal requirements of Rule 237); *Miller Block Co. v. U.S. National Bank,* 389 Pa.Super. 461, 567 A.2d 695 (1989) (same); *see also Kooker v. Chido,* 448 Pa.Super. 92, 670 A.2d 694 (1995) (clearly identified time period for expiration of agreement met informal requirement for correspondence under rule), are now contraindicated by this new rule.

As the language instructs, "[t]he agreement *shall* be in the form prescribed by Rule 237.6" and *"shall* be signed by both parties." Pa.R.C.P. 237.2. The rule *requires* that agreements be in the form specified in Rule 237.6. As the note explains, "parties who follow the form should avoid problems of ambiguous agreements. The form is to be signed by both parties, eliminating the dispute as to whether a particular party has agreed to an extension of time." Counsel should take heed of the warning in the note that "[p]arties who do not follow the form do so at their peril."

Casa next asserts that the default judgment should be stricken [4] since the Flynns' complaint sought an amount in excess of that within the jurisdiction of the arbitration panel, pursuant to 42 Pa.C.S.A. § 7361(b). Casa argues that this is a fatal defect on the face of the record, thereby making the default judgment a nullity. The Flynns, on the other hand, argue that this was a typographical error, and that a complaint seeking arbitration concedes the jurisdictional amount established by law.

A motion to strike a judgment operates as a demurrer to the record which will only be granted if a fatal defect or irregularity appears on the face of the record or judgment. *Manor Building Corp. v. Manor Complex Associates, Ltd.,* 435 Pa.Super. 246, 645 A.2d 843 (1994). The defect alleged to appear from the face of the judgment or which is a matter of record must be specified in the petition or application for relief. *Id.*

**4.** Casa's petition for relief from the judgment consists of two separate counts. The first count requests the court to open the judgment, and the second count contains the averments for the petition to strike. This format is recommended, since the petition to strike and the petition to open judgment are two different forms of relief with separate remedies. *See Manor Building Corp. v. Manor Complex Associates, Ltd.,* 435 Pa.Super. 246, 645 A.2d 843 (1994) (petition to strike reaches defects apparent on the face of the record, while petition to open offers to show that defendant can prove defense to all or part of plaintiff's claims).

The trial court opinion, however, concludes that the only issue on appeal concerns its denial of the petition to open, and does not make a single reference to the petition to strike. The order however, specifically denied Casa's "petition to open and/or strike" the default judgment.

A judgment is void on its face if one or more of three jurisdictional elements is found absent: jurisdiction of the parties; subject matter jurisdiction; or the power or authority to render the particular judgment. *Roberts v. Gibson,* 214 Pa.Super. 220, 251 A.2d 799 (1969); *see also DeCoatsworth v. Jones,* 414 Pa.Super. 589, 607 A.2d 1094 (1992), *rev'd on other grounds,* 536 Pa. 414, 639 A.2d 792 (1994). The term "jurisdiction" relates to the competency of the individual court, administrative body, or other tribunal to determine controversies of the general class to which a particular case belongs. *Commonwealth v. McNeil,* 445 Pa.Super. 526, 665 A.2d 1247 (1995). Moreover, it is never too late to attack a judgment or decree for want of jurisdiction, as any such judgment or decree rendered by a court which lacks jurisdiction of the subject matter or the person is null and void, and can be attacked by the parties at any time. *DeCoatsworth, supra* (citations omitted). A petition to strike a judgment founded on a jurisdictional deficiency is therefore not subject to the same "timeliness" considerations as a petition to open the judgment.

With regard to the instant case, the rule of judicial procedure concerning actions which seek compulsory arbitration provides in pertinent part that:

(b) Limitations.—No matter shall be referred under subsection (a):

\*    \*    \*    \*    \*    \*

(2) where the amount in controversy, exclusive of interest and costs, exceeds:

(i) $50,000 in judicial districts . . . .

42 Pa.C.S.A. § 7361(b)(2)(i). The statute clearly and unequivocally states that compulsory arbitration is not available under this section in any action in which the plaintiff seeks to recover an amount which is greater than the $50,000 limit. Additionally, in an action seeking compulsory arbitration, Pa. R.C.P. 1021(c) directs that "the plaintiff shall state whether the amount does or does not exceed the jurisdictional amount

requiring arbitration referral by local rule." Pa.R.C.P. 1021(c), 42 Pa.C.S.A.

The Flynns' complaint, however, seeks a recovery for each of them separately "in *an amount in excess of* $50,000." The asserted typographical error thus appears not once, but twice in the complaint. The complaint as filed, and upon which the prothonotary entered the default judgment, was clearly beyond the jurisdiction of the arbitration board. A review of the relevant case law leads us to conclude that the trial court did not go far enough in its analysis of Casa's petition.

In *Leomporra v. American Baking Co., Inc.,* 198 Pa.Super. 545, 178 A.2d 806 (1962), this court found that when the amount in controversy was beyond the county court's jurisdiction, the judgment entered by confession was void, and should be stricken without reference to the merits of the plaintiff's case.[5]

Similarly, we have determined that an amount claimed by the plaintiff shall be conclusive as to the jurisdiction of the tribunal. *Baker v. Carter,* 103 Pa.Super. 344, 157 A. 211 (1931). The *Baker* court held that when the sum claimed by the plaintiff was outside the jurisdiction of the municipal court,

**5.** The order to strike the judgment in this case was subsequently reversed by an en banc panel of this court. *Leomporra v. American Baking Co.,* 198 Pa.Super. 545, 182 A.2d 917 (1962) (en banc). In *Leomporra,* it was plaintiff's request for attorney's fees which brought the amount in controversy outside the jurisdictional limit of the court, and the order to strike the judgment might have deprived the plaintiff of any remedy to recover the fees since a separate action could not be brought to recover them. We found that striking the judgment was unduly harsh under these circumstances, especially where the defendant's right to contest the claim was not prejudiced. We also noted that the case could be certified to the correct tribunal when it was originally filed in error in the wrong court. We then allowed plaintiff thirty days in which to transfer the case to the correct court before an order to strike the judgment would be made absolute. This decision upon reconsideration in no way affected the general rule that where the jurisdiction of the court is limited to a certain amount, the court does not have the power to consider actions which allege damages in excess of that amount.

Here, however, there is no evidence that the Flynns filed an action seeking arbitration in error and no circumstances which would make striking the judgment unduly harsh to these plaintiffs.

"the judgment[6] should not have been entered, but having been inadvertently done, should have been stricken off by the court for want of jurisdiction apparent on the face of the record." *Id.* at 346, 157 A. at 212.

Accordingly, the motions judge in the instant case should have stricken the default judgment as it was null and void for want of jurisdiction. The plaintiffs should then be permitted to amend their complaint which, considering the assertion that it was a mere typographical error, can be accomplished readily. The court should also order the defendant to respond to the amended complaint within a specified time period, or be subject to sanctions. *See C.R. By Dunn v. The Travelers,* 426 Pa.Super. 92, 626 A.2d 588 (1993).

The order is vacated and the case remanded for entry of an order consistent with this opinion.

Jurisdiction relinquished.

---

**6.** The judgment in *Baker* was entered due to the defendant's failure to file an affidavit of defense, which is essentially a default judgment.