J-A25022-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| MANUFACTURERS AND TRADERS TRUST COMPANY | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JENNER'S COMMONS, LLC, C. DAVID MURTAGH & JUDITH W. MURTAGH | |
| Appellants | No. 622 EDA 2014 |

Appeal from the Order Entered on January 29, 2014
In the Court of Common Pleas of Chester County
Civil Division at No.: 13-02215-JD

BEFORE:  DONOHUE, J., WECHT, J., and PLATT, J.[*]

MEMORANDUM BY WECHT, J.:                    **FILED NOVEMBER 03, 2014**

Jenner's Commons, LLC, C. David Murtagh, and Judith W. Murtagh (collectively, "Appellants") appeal from the order of January 29, 2014, which denied their petition to strike or open a judgment entered by confession. We vacate the order.

Between May 10, 2006 and December 29, 2011, Appellants and Manufacturers and Traders Trust Company ("M&T") entered into a series of loans.  Ultimately, Appellants borrowed more than six million dollars from M&T for the construction of a commercial office project called Jenner's Commons in West Grove, Chester County, Pennsylvania.  On December 29,

_____

[*]     Retired Senior Judge assigned to the Superior Court.

2011, the parties entered into a forbearance agreement to resolve Appellants' defaults under the various loan agreements. The forbearance agreement provided, in pertinent part:

**4. Acknowledgments.** Obligors [Appellants] acknowledge and agree that (i) the Financing is in default, (ii) they have no defenses or counterclaims against Lender [M&T] with respect to the Financing, (iii) as of December 19, 2011, they were indebted to Lender pursuant to the Financing in the principal amount of $6,037,858.53, plus accrued interest thereon together with any expenses, costs and fees incurred by Lender and (iv) they have knowingly and voluntarily entered into this agreement with the opportunity to seek advice from a professional of their own choosing.

**5. Waivers.** Obligors waive and release Lender from any claims or defenses that any of them may have against Lender in connection with the making and administration of the Financing, including this agreement.

\* \* \*

**7. Covenants and Agreements.** . . . (iii) on January 1, 2012 and on the first day of each consecutive month thereafter, Obligors shall pay Lender accrued interest on the Financing plus principal payments based on twenty-year amortization schedules. Unless sooner paid, on December 31, 2012, Obligors shall pay Lender the outstanding principal amount of the Financing plus accrued interest thereon together with any expenses, costs and fees.

**8. Events of Default.** Each of the following shall constitute an event of default ("Event of Default") under this Agreement: (i) a breach of any term of this Agreement or (ii) a default or event of default under the Consolidation Note, West Chester Mortgage or any of the other Financing Documents, as amended by this Agreement.

\* \* \*

**20. Governing Law and Jurisdiction.** This Agreement has been delivered to and accepted by the Lender and will be deemed to be made in the State of Delaware. **This agreement**

**will be interpreted and all the rights and liabilities of the parties determined in accordance with the laws of the state of Delaware, excluding its conflict of laws rules.** Each of the Obligors hereby irrevocably consents to the exclusive jurisdiction of any state or federal court in the county or judicial district where the Lender's office indicated above is located; provided that nothing contained in this Agreement will prevent the Lender from bringing any action, enforcing any award or judgment or exercising any rights against any of the Obligors individually, against any security or against any property of any of the Obligors within any other county, state or other foreign or domestic jurisdiction.

Forbearance Agreement, 12/29/2011, at 2-3, 6 (emphasis in original).

The trial court set forth the history of this case as follows:

[M&T] confessed judgment against [Appellants] on March 11, 2013. On April 12, 2013, [Appellants] filed a verified petition to strike and/or open the judgment to which [M&T] filed a response. On September 30, 2013, [Appellants] filed a praecipe for determination which caused the petition to come before the court for decision. By order dated January 2[9], 2014, the petition was denied. Although it would appear that depositions were taken, no transcripts of those depositions were filed of record although copies of transcripts were attached to the parties' briefs.

Trial Court Opinion ("T.C.O."), 3/20/2014, at 1-2. Appellants timely appealed on February 12, 2014, and filed a concise statement of errors complained of on appeal on March 4, 2014. *See* Pa.R.A.P. 1925(b). On March 20, 2014, the trial court entered its opinion pursuant to Rule 1925(a).

Appellants raise four questions for our review:

1. Whether the lower [c]ourt committed an error of law when it failed to strike the [c]onfessed [j]udgment based on the exclusive venue/jurisdiction provision of the forbearance agreement upon which the [c]onfessed [j]udgment was entered

- 3 -

that required that the action be filed in Delaware, not Pennsylvania.

2. Alternatively, whether the lower [c]ourt abused its discretion when it failed to open the [c]onfessed [j]udgment based on the exclusive venue/jurisdiction provision of the forbearance agreement upon which the [c]onfessed [j]udgment was entered. The terms of the provision were ambiguous, and [Appellants'] assertion of improper venue under the terms of that provision provided a meritorious defense to the [c]onfessed [j]udgment (requiring that the [c]onfessed [j]udgment be opened).

3. Whether the lower [c]ourt abused its discretion when it failed to open the [c]onfessed [j]udgment due to the inclusion of unidentified fees in the amount of the [c]onfessed [j]udgment, which provided a meritorious defense to the [c]onfessed [j]udgment.

4. Whether the lower [c]ourt abused its discretion when it failed to open the [c]onfessed [j]udgment due to [M&T]'s and its predecessors' breach of the duty of good faith and fair dealing, which provided a meritorious defense to the [c]onfessed [j]udgment?

Appellants' Brief at 2.

In their first issue, Appellants contend that the court erred in denying their motion to strike the confessed judgment, where M&T "filed this action in an improper venue, because the [f]orbearance [a]greement upon which it confessed judgment contains an **exclusive** jurisdiction/venue provision[] that requires that this action be filed in Delaware, not Pennsylvania." *Id.* at 23 (emphasis in original). We agree that the trial court erred in refusing to strike the confessed judgment.

"We review a trial court's order denying a petition to strike a confessed judgment to determine whether the record is sufficient to sustain the

judgment." ***Graystone Bank v. Grove Estates, LP.***, 58 A.3d 1277, 1281

(Pa. Super. 2012).

> A petition to strike a judgment is a common law proceeding which operates as a demurrer to the record. A petition to strike a judgment may be granted only for a fatal defect or irregularity appearing on the face of the record.
>
> > In considering the merits of a petition to strike, the court will be limited to a review of only the record as filed by the party in whose favor the warrant is given, *i.e.*, the complaint and the documents which contain confession of judgment clauses. Matters *dehors* the record filed by the party in whose favor the warrant is given will not be considered. If the record is self-sustaining, the judgment will not be stricken. . . . An order of the court striking a judgment annuls the original judgment and the parties are left as if no judgment had been entered.
>
> In other words, the petition to strike a confessed judgment must focus on any defects or irregularities appearing on the face of the record, as filed by the party in whose favor the warrant was given, which affect the validity of the judgment and entitle the petitioner to relief as a matter of law. [T]he record must be sufficient to sustain the judgment. The original record that is subject to review in a motion to strike a confessed judgment consists of the complaint in confession of judgment and the attached exhibits.

***Midwest Fin. Acceptance Corp. v. Lopez***, 78 A.3d 614, 622-23 (Pa.

Super. 2013) (citations omitted).

> The defect alleged to appear from the face of the judgment or which is a matter of record must be specified in the petition or application for relief.
>
> A judgment is void on its face if one or more of three jurisdictional elements is found absent: jurisdiction of the parties; subject matter jurisdiction; or the power or authority to render the particular judgment.

*Flynn v. Casa Di Bertacchi Corp.*, 674 A.2d 1099, 1105 (Pa. Super. 1996). "[A] trial court's failure to ensure proper venue [is] a fatal defect apparent on the face of the record." *Bingaman v. Bingaman*, 980 A.2d 155, 158 n.8 (Pa. Super. 2009).

> A warrant to confess judgment must be explicit and will be strictly construed, with any ambiguities resolved against the party in whose favor the warrant is given. . . .
>
> Whether a judge has correctly interpreted a writing and properly determined the legal duties which arise therefrom is a question of law for the appellate court. The legal effect or enforceability of a contract provision presents a question of law accorded full appellate review and is not limited to an abuse of discretion standard. A cornerstone principle of contract interpretation provides that where the words of the document are clear and unambiguous, we must give effect to the language.

*Midwest Fin. Acceptance Corp.*, 78 A.3d at 623-624 (citations omitted).

Here, Appellants contend that the trial court erred in interpreting the "Governing Law and Jurisdiction" clause in the forbearance agreement to permit M&T to file the confessed judgment in Pennsylvania instead of Delaware. Thus, they argue that this is a defect on the face of the proceedings in light of the "**exclusive** venue/forum provision." Appellants' Brief at 23 (emphasis in original). The clause at issue provides, in pertinent part:

> **This agreement will be interpreted and the rights and liabilities of the parties determined in accordance with the laws of the State of Delaware, excluding its conflict of laws rules.** Each of the Obligors hereby irrevocably consents to the exclusive jurisdiction of any state or federal court in the county or judicial district where the Lender's office indicated above is located; provided that nothing contained in this

Agreement will prevent the Lender from bringing any action, enforcing any award or judgment or exercising any rights against any of the Obligors individually, against any security or against any property of any of the Obligors within any other county, state or other foreign or domestic jurisdiction.

Forbearance Agreement, 12/29/2011, at 6 ¶ 20 (emphasis in original).

The trial court found that this provision "does not bind [M&T] from bringing an action in a jurisdiction other than the State of Delaware." T.C.O. at 3. However, upon examination, the provision explicitly states that "[e]ach of the Obligors hereby irrevocably consents to the **exclusive jurisdiction** of any state or federal court **in the county or judicial district where the Lender's office indicated above is located**[.]" Forbearance Agreement, at 6 ¶ 20 (emphasis added). M&T has maintained that it is located in Delaware throughout the proceedings, particularly in the record established in the forbearance agreement and complaint in confession of judgment. ***See id.*** at 1 ("This Forbearance Agreement . . . is made [by] Manufacturers and Traders Trust Company, successor in interest to Wilmington Trust FSB ('Lender'), having an address at 1100 North Market Street, Wilmington, Delaware 19890[.]"); ***see also*** Verified Complaint in Confession of Judgment for Money, 3/11/2013, at 2 ¶ 1 ("Lender is a New York corporation with an address at 1100 North Market Street, Wilmington, Delaware 19890."). Nowhere in the record does M&T contend that it has an office in Pennsylvania. Therefore, the plain language of the provision at issue indicates that, by M&T's choice, only the courts where M&T's offices are located have "exclusive jurisdiction" over this action.

The next clause in the provision qualifies the above-mentioned jurisdictional selection with the language: "provided that nothing contained in this Agreement will prevent the Lender from bringing any action, enforcing any award or judgment or exercising any rights against any of the Obligors individually, against any security or against any property of any of the Obligors within any other county, state or other foreign or domestic jurisdiction." Forbearance Agreement, 12/29/2011, at 6 ¶ 20. Appellants argue as follows:

> [This provision] clearly only applies to attempts to collect **after obtaining a judgment**, allowing M&T to pursue actions in other jurisdictions "against any security or against any property of any of the Obligors within any other county, state or other foreign or domestic jurisdiction." Here, the "within any other county, state or other foreign or domestic jurisdiction" language follows and is clearly modifying the term "security . . . or property of any of the Obligors."

Appellants' Brief at 29 (emphasis in original). We agree.

M&T and the trial court's favored interpretation, that M&T can bring suit in any jurisdiction, undermines the entire provision, as it would contradict the "exclusive" language of the previous sentence. To interpret the "within any other county . . ." language as referring back to "nothing contained in this Agreement will prevent the Lender from bringing any action" would render the first clause, exclusively submitting to the jurisdiction in which M&T's office is located, meaningless. *Cf. Midwest Fin. Acceptance Corp.*, 78 A.3d at 631 (determining that clause "select[ing] a forum of any court in any location" was not a forum selection clause

circumventing procedural venue rules "as this would amount to selecting no forum at all").

Thus, the "Governing Law and Jurisdiction" clause permits M&T to enforce an award against Appellants in any jurisdiction once the confessed judgment has been obtained in a valid forum. We agree with Appellants that the forbearance agreement contains a forum selection clause requiring the confessed judgment to be brought in a state in which M&T's offices are located, which has not been shown to be Pennsylvania. Therefore, the forbearance agreement is ambiguous in this regard. **See Flynn**, 674 A.2d at 1105; **see also Midwest Fin. Acceptance Corp.**, 78 A.3d at 624 ("A warrant to confess judgment must be explicit and will be strictly construed, with any ambiguities resolved against the party in whose favor the warrant is given.").

Furthermore, in the affidavits authorizing confession of judgment attached as exhibits to the forbearance agreement, each Appellant averred as follows:

> 2.    As set forth in that forbearance agreement, dated December 29, 2011 (the "Agreement"), I hereby authorize Manufacturers and Traders Trust Company ("Bank") and its successors and assigns to confess judgment against me in the Superior Court of the State of Delaware in and for New Castle County for up to $6,037,858.53 plus accrued interest thereof, costs and expenses.
>
> *       *       *
>
> 4.    The contacts with the State of Delaware in the transaction to which the Agreement relate are (i) the Agreement was

accepted by the Bank in the State of Delaware and (ii) the Agreement is governed by the laws of the State of Delaware.

Affidavit Authorizing Confession of Judgment against C. David Murtagh, 12/29/2011, at 2. Thus, M&T executed a forum selection clause choosing the jurisdiction in which its offices were located, and obtained Appellants' consent to confess judgment in the Superior Court of the State of Delaware. M&T fails to identify anything in the record which would suggest that it has an office located in Pennsylvania. *Graystone*, 58 A.3d at 1281.

"A forum selection clause in a contractual provision limits the place or court in which an action may be brought." *Midwest Fin. Acceptance Corp.*, 78 A.3d at 628 (discussing forum selection and venue rules in confessed judgments). "[A] plaintiff's choice of forum is to be given great weight, and the burden is on the party challenging the choice to show it was improper . . . . However, a plaintiff's choice of venue is not absolute or unassailable." *Zappala v. James Lewis Group*, 982 A.2d 512, 518 (Pa. Super. 2009).

> While private parties cannot change by contract the rules of jurisdiction or venue, a court should decline to proceed with the cause when the parties have freely agreed that litigation shall be conducted in another forum and where such agreement is not unreasonable at the time of litigation. An agreement is unreasonable if its enforcement would . . . seriously impair [the] plaintiff's ability to pursue its cause of action. A clause is not unreasonable if it makes enforcing the agreement merely inconvenient or expensive.

*Morgan Trailer Mfg. Co. v. Hydraroll, Ltd.*, 759 A.2d 926, 930 (Pa. Super. 2000); *see also Autochoice Unlimited, Inc. v. Avangard Auto*

***Fin., Inc.***, 9 A.3d 1207, 1209 (Pa. Super. 2010) (enforcing forum selection clause where Florida was designated "sole venue to resolve disputes").

M&T does not contend that enforcement of the forum selection clause would be unreasonable; therefore, the trial court should have declined to proceed where the parties freely agreed that the litigation should be conducted in a state in which M&T's office was located. ***See Morgan Trailer Mfg. Co.***, 759 A.2d at 930. Thus, the court erred when it did not give effect to M&T's venue selection and resolve this issue in favor of Appellants. ***Midwest Fin. Acceptance Corp.***, 78 A.3d at 624. M&T's filing the confessed judgment in Pennsylvania without any evidence that it was a state in which M&T's office was located is a fatal defect apparent on the face of the record that compromises the validity of the judgment and entitles Appellants to relief as a matter of law. ***See Flynn***, 674 A.2d at 1105. Accordingly, we vacate the order denying Appellants' motion to strike and remand to the trial court for entry of an order consistent with this memorandum.[1]

Order vacated. Jurisdiction relinquished.

---

[1] In light of our disposition, Appellants' remaining issues challenging the denial of the motion to open are moot. ***See Flynn***, 674 A.2d at 1105 n.4 ("[T]he petition to strike and the petition to open judgment are two different forms of relief with separate remedies.").

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>11/3/2014</u>