J-A18030-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| FRED'S TREE AND LAWN SERVICE, INC. | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES IAFRATE | : | |
| | : | No. 194 WDA 2019 |
| Appellant | : | |

Appeal from the Judgment Entered January 23, 2019
In the Court of Common Pleas of Allegheny County Civil Division at
No(s): AR-17-3983

BEFORE: BOWES, J., NICHOLS, J., and MUSMANNO, J.

MEMORANDUM BY NICHOLS, J.:                 **FILED SEPTEMBER 4, 2019**

Appellant James Iafrate appeals from the judgment entered in favor of Appellee Fred's Tree and Lawn Service, Inc. following a non-jury trial. Appellant claims that the trial court lacked subject-matter jurisdiction because Appellee initially proceeded in the Allegheny County Court of Common Pleas without counsel. Appellant also asserts various errors in the trial court's pretrial and trial rulings. We affirm.

The background of this appeal is as follows. Fred Foreman, as a representative of Appellee,[1] commenced this matter by filing a complaint in

---

[1] As noted by Appellant, it appears that Mr. Foreman signed the complaint using Appellee's business name. At trial, Appellee identified Mr. Foreman as the "owner" of Appellee. **See** N.T., 9/14/18, at 6. Appellant identifies Mr. Foreman as "President of Fred's Tree Service, Inc." in his brief. Appellant's Brief at 4. The record does not indicate that Mr. Foreman is licensed to practice law. Appellee does not dispute that Mr. Foreman represented

the magisterial district court. In that complaint, Mr. Foreman alleged that Appellant failed to pay for "tree work" at Appellant's property. The magisterial district judge found against Appellant and awarded Appellee $2,500 and costs.

Acting *pro se*, Appellant timely appealed to the Court of Common Pleas and filed a *praecipe* for a rule for Appellee to file a complaint. Mr. Foreman filed a short-form complaint[2] on behalf of Appellee. Appellant filed preliminary objections to Appellee's failure to include a proper statement of the nature and amount of the claim. The trial court sustained the preliminary objections and granted Appellee leave to file an amended complaint. Mr. Foreman thereafter filed an amended short-form complaint.

_____

Appellee in the early phases of the litigation in the Court of Common Pleas and was not a licensed attorney. **See** Appellee's Brief at 13-15.

[2] Allegheny County Local Rule of Civil and Family Court (Local Rule) 1320 states, in part:

> The following procedure shall govern Small Claims, which include appeals from Magisterial District Judges where the damages claimed do not exceed the sum of $3,000 (exclusive of interest and costs), and civil actions where the damages claimed do not exceed the sum of $3,000 (exclusive of interest and costs).
>
> > (1) The Complaint may be simplified to contain only the names and addresses of the parties, a statement indicating concisely the nature and amount of the claim, the signature of the plaintiff or the plaintiff's attorney (Pa.R.C.P. 1023), an endorsement (Pa.R.C.P. 1025), a Notice of Hearing Date and three copies of a Notice of Intention to Appear as set forth in subparagraph (3) hereof.

Pa R Allegheny Cty Civ Fam Rule 1320(1).

Appellant filed *pro se* preliminary objections to the amended complaint, asserting that Appellee failed to specify the terms of a written or oral agreement and failed to state a cause of action based on an oral contract. Appellant further asserted that any oral contract would be unenforceable under the Pennsylvania Home Improvement Consumer Protection Act (HICPA), 73 P.S. §§ 517.1-517.18.

On December 5, 2017, the trial court sustained Appellant's preliminary objections and dismissed the complaint with prejudice based on HICPA. Mr. Foreman filed a motion for reconsideration claiming that Appellee did not have notice of a hearing on the preliminary objections. In an order dated December 29, 2017, and entered January 4, 2018, the trial court denied in part and granted in part the motion for reconsideration. Specifically, the trial court denied reconsideration as to Appellee's breach of contract claims, but granted reconsideration "as to any other claim that the arbitrators deem to have been pled in the complaint and proven at [an] arbitration hearing." Order, 1/4/18.

Thereafter, Appellant filed a *pro se* answer, new matter, and a counter-claim alleging abuse of process, as well as violations of the Uniform Trade Practices and Consumer Protection Law[3] (UTPCPL) and the Dragonetti Act.[4] A

---

[3] 73 P.S. §§ 201-1 to 201-9.3. Appellant alleged that Appellee committed fraud by performing work that Appellant did not authorize. **See** Appellant's Brief at 7.

[4] 42 Pa.C.S. §§ 8351-8355.

panel of arbitrators found against Appellant and awarded Appellee $2,500. Appellant appealed the arbitrators' decision *pro se*.

The matter proceeded to a *de novo* trial on September 14, 2018, at which both Appellant and Appellee appeared with counsel.[5]  On September 16, 2018, the trial court authored a handwritten decision finding "in favor of [Appellee] and against [Appellant] in the amount of $2,500 (two-thousand five hundred) dollars."  Non-Jury Verdict, filed 9/20/18.  As to Appellant's counter-claim, the trial court stated, "[The] court **finds in favor of [Appellant]** and against [Appellee]."  ***Id.*** (emphasis added).  This decision was docketed on September 20, 2018.  The parties did not file motions challenging the September 20, 2018 decision.

On October 3, 2018, the trial court issued a typed order stating:

AND NOW, to-wit, this  3  day of October, 2018, the [c]ourt finds in favor of [Appellee] and against [Appellant] in the amount of $2,500.00 (TWO-THOUSAND FIVE HUNDRED) Dollars.

As to [Appellant]'s counter-claim, the Court finds in favor of [Appellee] and against [Appellant]. The Non-Jury Verdict of September 16, 2018 is hereby VACATED.

Non-Jury Verdict, filed 10/4/18.  This decision was docketed on October 4, 2018, with a notation that copies were sent on October 3, 2018.

---

[5] John Foster, Esq., appeared on behalf of Appellant, and William Labovitz, Esq., appeared on behalf of Appellee.

The next docket entry indicates that on January 23, 2019, Appellee filed a *praecipe* for "writ of execution." The trial court's prothonotary entered judgment against Appellant that same day.

On February 6, 2019, Appellant filed a *pro se* notice of appeal.[6] The trial court ordered Appellant to file and serve a Pa.R.A.P. 1925(b) statement, and Appellant, acting through counsel, complied.[7] On April 4, 2019, the trial

_____

[6] Appellee argues that Appellant's appeal was untimely filed because Appellant filed his notice of appeal more than 120 days after the trial court's determination. Appellant's Brief at 9. However, a bench trial determination is not a final for the purposes of appeal until properly reduced to and entered as a formal judgment. *See Crystal Lake Camps v. Alford*, 923 A.2d 482, 488 (Pa. Super. 2007) (discussing Pa.R.C.P. 227.4). Instantly, Appellant filed his notice of appeal within thirty days of the entry of judgment. Therefore, we will not quash this appeal.

[7] Appellant raised the following issues complained of on appeal:

a. The matter should not have been allowed to proceed pursuant to 73 P.S. 517.1 et seq. and the [c]omplaint does not allege a *quantum meruit* claim and,

b. Furthermore, [Appellee] never responded to the New Matter and such failure resulted in judicial admissions of those allegations;

c. Vacating the September 16, 2018 verdict and substituting the verdict of October 3, 2018 without any explanation or any party having filed timely post-trial motions;

d. Granting [Appellee] contract damages and not limiting the award to *quantum meruit* damages;

e. If the [trial c]ourt determined the *quantum meruit* damages were in the amount of $2,500, then such amount was not supported by the evidence; and,

court filed a Rule 1925(a) opinion concluding that Appellant's issues were not preserved because Appellant failed to file post-trial motions. In the alternative, the trial court determined that Appellant's issues were meritless.

Meanwhile, on February 26, 2019, this Court issued a rule to show cause why this appeal should not be dismissed for Appellant's failure to file post-trial motions. In a counseled response, Appellant offered three arguments against dismissal.

First, Appellant asserted:

[T]he verdict in this matter was issued on September 16, 2018. Neither party filed post-trial motions. However, on October 3rd, well over the 10-day limit to file post-trial motions, without explanation, the trial court issued an order which purported to substitute its result for the verdict. Such was done without any explanation or justification. Whether such action of the trial court was an abuse of discretion is a matter of law.

Appellant Resp. to Rule to Show Cause, 3/11/19 at 1 (some capitalization omitted).

Second, Appellant claimed:

[T]he issues raised in the Preliminary Objections and described in the Concise Statement question the subject matter jurisdiction of the [t]rial [c]ourt. If . . . Appellee was barred from stating contract claims under 73 P.S. 517.1 et seq and if the Complaint failed to state a claim pursuant to [Pa.R.C.P.] 1019, then the Court

---

f. Not granting relief under 73 P.S. 201-1 et seq. where the law of the case had already established [Appellee] clearly did not comply with 73 P.S. 517.1 et seq.

Appellant's Pa.R.A.P. 1925(b) Statement, 3/4/19, at ¶ 10.

did not have jurisdiction to hear Appellee's claim or to grant any relief. The failure to raise a claim of subject matter jurisdiction in post-trial motions does not limit the right to raise that issue on appeal.

*Id.* at 2 (citations and some capitalization omitted).

Third, Appellant noted that some of his issues on appeal related to the trial court's decision to sustain, then overrule, his preliminary objections, and the dismissal of Appellant's breach of contract claim. *Id.* Appellant continued that most of his issues raised questions of law. *Id.*

On March 12, 2019, this Court discharged the rule to show cause. However, this Court advised Appellant that the issue could be revisited by the panel assigned to the case. Order, 3/12/19.

Appellant presents the following questions for review:

1. Was the complaint filed on behalf of [Appellee] a nullity and, therefore, was the trial court without jurisdiction to hear the matter?

2. Was it an abuse of discretion for the trial court to allow the matter to proceed on the amended complaint?

3. Was it error to conclude the amended complaint asserts a *quantum meruit* claim?

4. Was it error to vacate the September 16, 2018 verdict?

5. Did the evidence presented substantiate a *quantum meruit* award in the amount of $2,500?

6. Did the [trial] court err in not granting . . . Appellant's claim for relief pursuant to [the UTPCPL] when the law of the case had already determined . . . Appellee had failed to comply with [HICPA]?

Appellant's Brief at 3.

Appellant first claims that the trial court lacked subject-matter jurisdiction because Mr. Foreman initially represented Appellee in the Allegheny County Court of Common Pleas. *Id.* at 10. Appellant contends that the trial court lacked jurisdiction to proceed on a complaint and filings by a non-attorney on behalf of a corporation. *Id.* at 10-11. Appellant concludes that all proceedings based on Mr. Foreman's filing of the complaint and amended complaint in the Court of Common Pleas, as well as the motion to reconsider the order sustaining Appellant's preliminary objections to the amended complaint, were void. *Id.* at 11-12. Appellant concedes that he did not file a post-trial motion. *Id.* at 10. Nevertheless, Appellant asserts that this claim cannot be waived because it challenges the subject-matter jurisdiction of the trial court. *Id.*

Appellee responds that Appellant waived this claim by failing to preserve it in his Rule 1925(b) statement.[8] Appellee's Brief at 13. Appellee also contends that "Pennsylvania courts have shown that the requirement that corporations must be represented by counsel in court is not absolute." *Id.* at 13. Appellee argues that "courts tend to overlook 'technical mandates' in *pro se* cases," and notes that Appellee ultimately obtained counsel for the non-jury trial. *Id.* at 14. Lastly, Appellee asserts:

> This formality of requiring attorneys to represent corporations and other entities—raised at the eleventh hour in Appellant's Brief— should not be used as a sword to kill off Appellee's favorable

---

[8] Appellee, however, concedes that Appellant's failure to raise this claim in a post-trial motion does not result in waiver.

verdict. At a minimum, this Court should dismiss, or remand and direct the [t]rial [c]ourt to dismiss, the instant case **without** prejudice and permit Appellee to retain counsel to pursue this action, particularly where Appellee's claims are within the statute of limitations.

***Id.*** at 14-15.

It is well settled that a claim that the trial court lacked subject-matter jurisdiction is not subject to waiver. As this Court explained,

[a] judgment is void on its face if one or more of three jurisdictional elements is found absent: jurisdiction of the parties; subject matter jurisdiction; or the power or authority to render the particular judgment. The term "jurisdiction" relates to the competency of the individual court, administrative body, or other tribunal to determine controversies of the general class to which a particular case belongs. Moreover, it is never too late to attack a judgment or decree for want of jurisdiction, as any such judgment or decree rendered by a court which lacks jurisdiction of the subject matter or the person is null and void, and can be attacked by the parties at any time.

***Flynn v. Casa Di Bertacchi Corp.***, 674 A.2d 1099, 1105 (Pa. Super. 1996) (citations omitted). Therefore, we will address Appellant's claim. ***See id.***

This Court has stated:

Corporations may appear and be represented in Pennsylvania courts only by an attorney at law "duly admitted to practice." Some jurisdictions allow for exceptions to the general rule governing counseled representation of corporations, for "special small claims courts with informal rules of procedure in which corporate as well as individual litigants are permitted or even required to appear without an attorney" and for "stockholder's derivative actions."

"The reasoning behind the general rule governing counseled representation of corporations is . . . a corporation can do no act except through its agents and . . . such agents representing the corporation in [c]ourt must be attorneys at law who have been admitted to practice, are officers of the court and subject to its

control. This rule holds even if the corporation has only one shareholder." The purpose of the rule requiring corporations to appear in court through counsel "[i]s not the protection of stockholders but the protection of the courts and the administration of justice, and that a person who accepts the advantages of incorporation for his . . . business must also bear the burdens, including the need to hire counsel to sue or defend in court."

***David R. Nicholson, Builder, LLC v. Jablonski***, 163 A.3d 1048, 1052 (Pa. Super. 2017) (citations omitted), *appeal denied*, 173 A.3d 266 (Pa. 2017).

Pennsylvania courts have regarded filings by a non-attorney representative of a party as nullities. ***See Jablonski***, 163 A.3d at 1054 (holding that an appeal from the decision of the magisterial district court filed by the sole shareholder in a limited liability corporation, who was not an attorney, did not perfect the jurisdiction of the court of common pleas); ***see also Spirit of the Avenger Ministries v. Com.***, 767 A.2d 1130, 1131 (Pa. Commw. 2001) (holding that the Commonwealth Court lacked jurisdiction over an appeal from the denial of tax-exempt status where the appeal was taken by a non-attorney pastor of the ministry seeking tax-exempt status). Therefore, a filing by a non-attorney representative will not invoke the jurisdiction of a court.

However, as noted in ***Jablonski***, a non-attorney may represent a corporation in limited circumstances. ***See Jablonski***, 163 A.3d at 1052. For example, a non-attorney may represent a corporation in the magisterial district court. ***See id.*** at 1052 (discussing Pa.R.C.P.M.D.J. 207(A)(3), which states that "[c]orporations . . . may be represented . . . by an officer of the

corporation . . . with personal knowledge of the subject matter of the litigation . . . to appear as its representative"). A non-attorney may also represent an employer before a referee of the unemployment compensation board. ***See Harkness v. Unemployment Comp. Bd. of Review***, 920 A.2d 162, 169 (Pa. 2007) (plurality). These exceptions, however, tend to involve matters that do not implicate the practice of law.[9] ***See id.***

Although not discussed by the parties, Allegheny County has adopted an exception that permits a non-attorney to represent a corporation in certain civil matters before the Court of Common Pleas. Specifically, Local Rule 200 states:

> (2) Except as otherwise provided by subdivision (3), a corporation, partnership and unincorporated association must be represented by an attorney.

---

[9] It is well settled that the Pennsylvania Supreme Court has exclusive jurisdiction over the practice of law. ***See Harkness***, 920 A.2d at 166. The ***Harkness*** Court noted:

> What constitutes the practice of law, however, is not capable of a comprehensive definition. For this reason, our Court has not attempted to provide an all-encompassing statement of what activities comprise the practice of law. Thus, we have determined what constitutes the practice of law on a case-by-case basis.

> While our Court has addressed the question of what constitutes the practice of law on an individualized basis, we have made clear that paramount to the inquiry is consideration of the public interest. Consideration of the public interest has two related aspects: protection of the public and prudent regulation so as not to overburden the public good.

***Id.*** (citations omitted).

- 11 -

(3) A corporation, partnership or unincorporated association may be represented by an officer or by a partner in the following actions:

(a) a civil action brought in or appealed to th[e Allegheny County Court of Common Pleas] in which the relief sought is monetary damages which do not exceed the jurisdictional limit for an action before a Magisterial District Judge.

(b) an appeal from a judgment entered in a Magisterial District Judge Court in an action for the recovery of the possession of real property.

*Note:* A corporation must be represented by an attorney regardless of the amount in controversy if the lawsuit involves a dispute between shareholders or officers of the same corporation.

Pa R Allegheny Cty Civ Fam Rule 200(2)-(3).

Instantly, Local Rule 200(3) vested the trial court with jurisdiction to act on the non-attorney filings by Mr. Foreman on behalf of Appellee. We acknowledge the possible tension between Local Rule 200, the decisional law prohibiting the representation of a corporation by a non-attorney, and the Pennsylvania Supreme Court's exclusive jurisdiction over the practice of law. Nevertheless, we conclude that Mr. Foreman's initial representation of Appellee was proper under Local Rule 200(3) as it currently exists.[10] Accordingly, under the circumstances of this case, Appellant's challenge to the trial court's jurisdiction to proceed while Mr. Foreman represented Appellee fails.

---

[10] We acknowledge that this Court may address jurisdictional issues *sua sponte*. Under the circumstances of this case, however, we decline to resolve the possible tensions surrounding Local Rule 200 without the benefit of focused arguments by the parties.

- 12 -

Appellant, in his remaining arguments, asserts that the amended complaint in the trial court failed to state a cause of action and was defective. *See* Appellant's Brief at 9-10, 12-18. Appellant argues that "if the [c]omplaint failed to state a claim . . . then the [trial c]ourt did not have jurisdiction to hear Appellee's claim or to grant any relief." *Id.* at 10. Specifically, Appellant contends that HICPA should have barred Appellee from "stating any contract claims," *id.* at 9, and that Appellant's complaint failed to plead a cause of action for *quantum meruit*. *Id.* at 15-18.

Additionally, Appellant claims that the trial court erred in reconsidering and vacating its September 16, 2018 decision, which found in favor of Appellant's counter-claim, and by failing to award him damages. *Id.* at 18-19, 20-21. Appellant further contends that Appellee failed to prove *quantum meruit* damages. *Id.* at 19.

Before addressing these arguments, we note that Pennsylvania Rule of Civil Procedure 227.1 states that "[p]ost-trial motions shall be filed within ten days after . . . the filing of the decision in the case of a trial without a jury." Pa.R.C.P. 227.1(c)(2). The trial court may not grant relief "unless the grounds therefor . . . are specified in the motion." Pa.R.C.P. 227.1(b)(2). As this Court summarized,

> [t]he purpose for Rule 227.1 is to provide the trial court with an opportunity to correct errors in its ruling and avert the need for appellate review. If an issue has not been raised in a post-trial motion, it is waived for appeal purposes. Accordingly, our Court has consistently quashed appeals from orders or verdicts following non-jury trials when no post-trial motions were filed.

- 13 -

*Warfield v. Shermer*, 910 A.2d 734, 737 (Pa. Super. 2006) (citations and quotation marks omitted).

Instantly, Appellant does not dispute that he failed to file a post-trial motion from the October 3, 2018 decision finding in favor of Appellee and against Appellant on all claims. Moreover, contrary to Appellant's argument, a claim that a party was entitled to a pretrial dismissal of a claim does not affect the competence of the court to hear and determine a controversy of the general nature of the matter involved. *See Flynn*, 674 A.2d at 1105; *see also Roman v. McGuire Mem'l*, 127 A.3d 26, 30 (Pa. Super. 2015) (stating that "[j]urisdiction lies if the court had power to enter upon the inquiry, not whether it might ultimately decide that it could not give relief in the particular case"); *Shafer Elec. & Const. v. Mantia*, 96 A.3d 989, 996 (Pa. 2014) (concluding that certain violations of HICPA did not preclude a "non-compliant contractor from pursuing a cause of action in *quantum meruit*"). Therefore, Appellant's remaining arguments do not constitute non-waivable challenges to the trial court's jurisdiction and must be deemed waived due to the failure to preserve them in a post-trial motion. *See Warfield*, 910 A.2d at 737.

Judgment affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/4/2019