J-S26043-16

2016 PA Super 158

| | |
|---|---|
| IN RE:  ALBERT STAICO, JR. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF:  DOROTHY STAICO | No. 2627 EDA 2015 |

Appeal from the Decree July 15, 2015
In the Court of Common Pleas of Philadelphia County
Orphans' Court at No(s): Control No. 125387
No. 798AP of 2012

BEFORE:  OLSON, STABILE and STRASSBURGER,*

DISSENTING OPINION BY OLSON, J.:          **FILED JULY 20, 2016**

I must respectfully dissent from the learned majority's decision in this case.  The appellant here is Dorothy Staico (hereinafter "Dorothy"). However, Dorothy is represented by her daughter, Janice Martin Staico (hereinafter "Janice") in this appeal, and there is nothing to suggest that Janice is an attorney or is authorized to practice law in this Commonwealth. Thus, although I have no quarrel with the learned majority's analysis of the merits of this appeal, I believe that it was improper to reach the merits.

If Janice is not an attorney, her act of drafting and submitting Dorothy's appellate briefs to this Court, and her express representation of

_____
* Retired Senior Judge assigned to the Superior Court.

Dorothy in this appeal,[1] constitutes the unauthorized practice of law. Although such a statement seems obvious, I will explain more fully.

As our Supreme Court declared, "[t]he Pennsylvania Constitution vests with [the Pennsylvania Supreme Court] the exclusive authority to regulate the practice of law, which includes the power to define what constitutes the practice of law." *Harkness v. Unemployment Comp. Bd. of Review*, 920 A.2d 162, 166 (Pa. 2007) (plurality); *see also* Pa. Const. Art. V, § 10(c); *Dauphin County Bar Ass'n v. Mazzacaro*, 351 A.2d 229, 233 (Pa. 1976). Our Supreme Court has never provided "an all-encompassing statement of what activities comprise the practice of law;" rather, it has "determined what constitutes the practice of law on a case-by-case basis." *Harkness*, 920 A.2d at 166.

As a plurality of the Supreme Court has explained, the case-by-case determination of whether a particular activity constitutes the practice of law requires the balancing of two separate, and potentially conflicting, public interests. These public interests are, one, protecting the public from "the intrusion of inexpert and unlearned persons in the practice of law, [so as] to assure the public adequate protection in the pursuit of justice" and, two,

---

[1] I note that Janice's name appears on the cover of the appellate briefs as the "Pro Se Appellant," however, within the briefs, Janice declares that she is acting "on behalf of Dorothy []," and Janice signed the appellate briefs "[o]n behalf of Dorothy []." *See* Appellant's Brief at Cover and 42, and Appellant's Reply Brief at Cover and 22.

"prudent regulation" by "not burdening the public by too broad a definition of the practice of law, resulting in the overregulation of the public's affairs." *Id.* at 166-167.

To balance the twin public interests, and to determine whether a particular activity constitutes the practice of law, our Supreme Court has primarily "focused on the character of the activit[y] at issue." *Id.* at 167. In **Harkness**, the Supreme Court identified four "broad categories of activities that may constitute the practice of law." *Id.* These categories are: 1) "the instruction and advising of clients in regard to the law so that they may pursue their affairs and be informed as to their rights and obligations;" 2) "the preparation of documents for clients requiring familiarity with legal principles beyond the ken of ordinary laypersons;" 3) "the appearance on behalf of clients before public tribunals in order that the attorney may assist the deciding official in the proper interpretation and enforcement of the law;" and, 4) "holding out of oneself to the public as competent to exercise legal judgment." *Id.*; *see also Shortz v. Farrell*, 193 A. 20, 21 (Pa. 1937); *Mazzacaro*, 351 A.2d at 232-233. Further, the **Harkness** Court declared that, although "the tribunal before which the individual is before is not determinative in deciding what comprises the practice of law," "the nature of the proceedings in which the individual is acting is not to be wholly discounted . . . [and] certainly is relevant in

- 3 -

determining the needs of the public, both in terms of protection and overregulation." ***Harkness***, 920 A.2d at 167.

In this case, Janice's act of drafting and submitting Dorothy's appellate briefs to this Court, and her express representation of Dorothy in this appeal, unquestionably constitute the practice of law. To be sure, effective appellate advocacy requires, amongst other things: the ability to read, understand, and apply the Rules of Appellate Procedure; the ability to read, understand, and apply the Rules of Civil Procedure; the ability to recognize a client's strongest legal claims and arguments; the ability to limit the claims raised in the appeal to the strongest legal claims and arguments; the ability to recognize and respond to the opponent's claims and arguments; the knowledge of and ability to find black-letter substantive law; the knowledge of and ability to find prior precedent; the ability to read, comprehend, and analyze statutes, rules, and case law; the ability to apply the substantive law to the facts of the case; the ability to extrapolate prior precedent and apply legal theory to diverse factual scenarios; the ability to craft persuasive and legally correct arguments; the ability to transfer the carefully crafted legal arguments into written word and to then write and (and sometimes orally argue) in a persuasive, precise, accurate, and succinct manner; the ability to adhere to ethical obligations, including confronting adverse authority and correctly quoting, citing, and characterizing the facts and the law; and, the

ability to recognize and defer to the appellate court's standard of review and to craft arguments that understand the appellate court's standard of review.

The knowledge, learning, skills, and ethical obligations demanded of appellate advocates in this Court demonstrates that, when Janice drafted and submitted Dorothy's appellate briefs to this Court, and when Janice declared that she was acting "on behalf of" Dorothy in this appeal, Janice fell strongly within three of the four "broad categories of activities" that our Supreme Court has recognized as constituting the practice of law. **See Harkness**, 920 A.2d at 167. Certainly, the only thing that Janice did not do in this case is hold herself out to the public "as competent to exercise legal judgment." **Id.** Since there is nothing to suggest that Janice is an attorney or is authorized to practice law in this Commonwealth, I believe that we must issue a rule to show cause upon Janice, so that Janice may demonstrate that she is (or is not) authorized to practice law in this Commonwealth. If she is, we may consider the issues that she raises on appeal; if she is not, we must strike the briefs filed on behalf of Dorothy.

Further, even though the appellee has not filed a motion to strike Dorothy's brief, I believe that we must raise this issue *sua sponte*. Certainly, as the Pennsylvania Supreme Court explained, the prohibition against the unauthorized practice of law is in place primarily to protect the public. **Childs v. Smeltzer**, 171 A. 883, (Pa. 1934) ("[t]he strict regulation and control of persons who render legal services is as necessary and

- 5 -

essential to the welfare of the public at large as the requirements for the practice of medicine or dentistry"); *Shortz*, 193 A. at 24 ("the object of the legislation forbidding [the] practice [of law] to [l]aymen is . . . to assure to the public adequate protection in the pursuit of justice"); *Mazzacaro*, 351 A.2d at 233 ("[the] stringent requirements [to practice law] are intended to protect and secure the public's interest in competent legal representation. It is to guard against the impairment of this interest that the practice of law by persons who are not authorized to do so is forbidden"); *Harkness*, 920 A.2d at 167 ("a determination of the practice of law is made on a case-by-case basis, focusing primarily on protection of the public and the public weal"); *see also* 42 Pa.C.S.A. § 2524(a) (". . . any person . . . who within this Commonwealth shall practice law, or who shall hold himself out to the public as being entitled to practice law, or use or advertise the title of lawyer, attorney at law, attorney and counselor at law, counselor, or the equivalent in any language, in such a manner as to convey the impression that he is a practitioner of the law of any jurisdiction, without being an attorney at law . . . , commits a misdemeanor of the third degree upon a first violation").

Thus, since the prohibition against the unauthorized practice of law is in place to protect the public at large – and not to protect the opposing party or opposing counsel – the failure of opposing counsel to raise the issue cannot result in the waiver of the issue on appeal – and this Court has an obligation to raise the issue *sua sponte*.

In conclusion, I believe the learned majority erred when it reached the merits of this appeal. I believe that the proper course of action is for this Court to issue a rule upon Janice to show cause as to why the briefs should not be stricken, as the briefs appear to be written (and the appeal appears to be prosecuted) by an individual who is not authorized to practice law in this Commonwealth.[2, 3]

_____

[2] The majority notes that Janice has power of attorney for Dorothy. Majority Opinion at 1, n.1. However, as this Court has held:

> Sections 5602 and 5603 of the Probate Code do not empower an individual who is not licensed as an attorney-at-law to practice law in this Commonwealth. [*See* 20 Pa.C.S.A. §§ 5602 and 5603.] To construe the Probate Code so as to permit a non-attorney to appear and represent a principal in a court of record would be to permit the licensing and admission requirements to be circumvented. In addition, such an interpretation would effectively abrogate the Judicial Code's prohibition against the unlicensed practice of law. The potential problems created by the use of the power of attorney as a means of encouraging the unauthorized practice of law are obvious. Of course, if the principal wishes to proceed *pro se*, he or she may do so. However, the power of attorney cannot be used as a device to license laypersons to act as an attorney-at-law.

*Kohlman v. W. Pa. Hosp.*, 652 A.2d 849, 852 (Pa. Super. 1994).

[3] The Commonwealth Court has held that non-attorney representation of an appellant deprives the court of jurisdiction to consider the claims raised by the appellant. *See Spirit of the Avenger Ministries v. Commonwealth*, 767 A.2d 1130, 1130-1131 (Pa. Cmwlth. 2001). I do not believe that such representation deprives this Court of jurisdiction over the appellant's case or claims. However, I do believe that such representation requires that this Court *sua sponte* strike the appellant's briefs.