**[J-62-2018] [MO: Dougherty, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

| | | |
|---|---|---|
| DANIEL HARMON, | : | No. 37 EAP 2017 |
| | : | |
| Appellant | : | Appeal from the Order of |
| | : | Commonwealth Court entered on 06- |
| | : | 07-2017 at No. 787 CD 2015 affirming |
| v. | : | the decision entered on 4-15-2015 by |
| | : | the Unemployment Compensation |
| | : | Board of Review at No. B-577458 |
| UNEMPLOYMENT COMPENSATION | : | |
| BOARD OF REVIEW, | : | ARGUED:  September 25, 2018 |
| | : | |
| Appellee | : | |

**CONCURRING OPINION**

JUSTICE DONOHUE                                          DECIDED:  April 26, 2019

I agree with the Majority's preliminary analysis that section 402.6 of the Unemployment Compensation Law[1] is ambiguous. Under that provision, a person is ineligible for unemployment compensation "for any weeks of unemployment during which the employe is incarcerated after conviction."  43 P.S. § 802.6.  As the Majority explains, the provision's use of "during" is capable of two reasonable interpretations – "throughout the course or duration of" or "at some time in" – and therefore is ambiguous.  Majority Op. at 8.  I further agree with the Majority's analysis in Part III of its opinion.  In order to determine the meaning of the word "during" as used in section 402.6, the Majority considered the applicable principles of statutory construction, including the provision's

---

[1]  Act of Dec. 5, 1936, P.L. 2897, as amended, 43 P.S. § 802.6.

remedial purpose, the general rule that disqualification provisions should be narrowly construed, and the presumption that the General Assembly did not intend an absurd result. This analysis amply supports the Majority's conclusion that the word "during" refers to "throughout the duration of," such that an individual is disqualified from receiving unemployment compensation benefits only if he or she is incarcerated for the entire week for which benefits are sought. The Commonwealth Court erred in ruling to the contrary.

I write separately to state my disagreement with the Majority's discussion of administrative deference in Part II of its opinion. In my view, while an administrative agency's interpretation of a statute is one of many factors that a court may consider when interpreting an ambiguous statute, it is not entitled to any deference in the interpretative process. When a statutory provision is ambiguous, as is the case in this appeal, a court may find guidance for its interpretation in certain external factors. The Statutory Construction Act (the "Act"), 1 Pa.C.S. §§ 1501-1991, sets forth a non-exhaustive list of external factors that may be considered:

> When the words of the statute are not explicit, the intention of the General Assembly may be ascertained by considering, among other matters:
>
> (1) The occasion and necessity for the statute.
>
> (2) The circumstances under which it was enacted.
>
> (3) The mischief to be remedied.
>
> (4) The object to be attained.
>
> (5) The former law, if any, including other statutes upon the same or similar subjects.
>
> (6) The consequences of a particular interpretation.
>
> (7) The contemporaneous legislative history.

> (8) Legislative and administrative interpretations of such statute.

1 Pa.C.S. § 1921(c).

The introductory language of section 1921(c) makes clear that courts may **consider** any or all of these external factors, including administrative interpretations, when interpreting a statute. Notably, and importantly, however, the Act conspicuously and correctly does not instruct courts to **defer** to agency interpretations (or to any other factor listed in section 1921(c)) when engaging in an interpretative analysis. As such, if a reviewing court considers an administrative interpretation to be instructive of legislative intent, it may include this factor in its analysis. It may also consider other factors, such as the occasion and necessity for the statute, the mischief to be remedied, the object to be attained and the consequences of a particular interpretation, and decide the relative weight to apply to each of them.[2] *See generally Trust Under Agreement of Taylor*, 164 A.3d 1147, 1155-57 (Pa. 2017). Courts may thus consider administrative interpretations, but we do not defer to them.

This view is consistent with the fundamental precept that the interpretation of statutes is a question of law for reviewing courts to decide. *See Borough of Pottstown v. Pa. Mun. Retirement Bd.*, 712 A.2d 741, 744 (Pa. 1998) (recognizing that "the meaning

---

[2] In some cases, for instance, a court may decide to confer greater weight to an administrative interpretation, particularly where the subject matter of the statute is within the agency's expertise and the subject matter is beyond the "general judicial competence" of the court. *See, e.g., Philadelphia Suburban Corp. v. Com., Bd. of Fin. & Revenue*, 635 A.2d 116, 118 (Pa. 1993). In other cases, when the question involves a straightforward interpretation of non-technical statutory language, no compelling basis exists for considering (let alone conferring special weight to) an administrative agency's interpretation. *See, e.g., Office of Admin. & Pa. State Police v. State Employees Ret. Bd.*, 180 A.3d 740, 752-53 (Pa. 2018).

of the statute ultimately is a question of law for the reviewing court"). In contrast, the Majority endorses the view that this Court should accord deference to agency interpretations of statutes unless those interpretations are shown to be "clearly erroneous" or "unwise or violative of legislative intent." Majority Op. at 10-11 (citing *Harkness v. UCBR*, 920 A.2d 162, 171 (Pa. 2007), and *Nw. Youth Servs., Inc. v. Dep't Pub. Welfare*, 66 A.3d 301, 310-12 (Pa. 2013)). Although the Majority ultimately declines to accord deference to the agency's interpretation in this case, it does so based only on the particular circumstances presented here (namely, the absence of formally promulgated rules or regulations), not on the basic principle that it is for courts, not administrative agencies, to interpret statutes. *Id.* at 11. Administrative agencies, unlike courts, have no particular expertise in interpreting statutes, and I reject any rule of construction that would require courts to abdicate our judicial role to administrative agencies.