# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kathleen M. Bauer, : 
                Petitioner : 
                 : 
     v. : 
                 : No. 471 C.D. 2023
Unemployment Compensation : 
Board of Review, : 
          Respondent : Submitted : May 7, 2024


BEFORE:   HONORABLE ANNE E. COVEY, Judge
              HONORABLE ELLEN CEISLER, Judge
              HONORABLE MATTHEW S. WOLF, Judge


## OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE WOLF                      FILED:  June 5, 2024

        Kathleen M. Bauer (Claimant) petitions for review, *pro se*, of the March 14, 2023 order of the Unemployment Compensation Board of Review (Board), affirming a decision of a Referee finding Claimant liable for a non-fraud overpayment of pandemic unemployment assistance (PUA) benefits in the amount of $1,756.00 and federal pandemic unemployment compensation benefits (FPUC) in the amount of $600.00, for a total of $2,356.00.  We affirm.

## BACKGROUND

        The relevant facts are as follows.  Claimant worked as an operations assistant for a travel firm.  Her position was eliminated as a result of the COVID-19

shutdown of international travel. Ancillary Petition for Review, Attachment ¶ 2.[1] On or around May 18, 2020, Claimant was found to be initially ineligible for regular unemployment compensation benefits. *Id.* ¶ 1. Claimant filed for PUA benefits with an effective date of April 5, 2020. Certified Record (C.R.) at 92 (Referee's Decision), Finding of Fact (F.F.) No. 1. Claimant received PUA benefits for the weeks ending July 25, 2020 through August 15, 2020, totaling $1,756.00. *Id.*, F.F. No. 4. As a result of receiving PUA benefits, Claimant also received FPUC benefits in the amount of $600.00 for that time period. *Id.*, F.F. No. 5. The total of the PUA and FPUC benefits that Claimant received was $2,356.00.

Claimant was eventually found eligible for regular unemployment compensation benefits and received two separate 1099-G Forms for the year 2020.[2] *Id.*, F.F. No. 3. On June 10, 2021, the Office of Unemployment Compensation Benefits (Office of UC Benefits) issued Claimant a Notice of Determination of Non-Fraud PUA Overpayment (Determination), finding that Claimant had a $1,756.00 non-fraud overpayment of PUA benefits that Claimant received for the weeks ending July 25, 2020 through and including August 15, 2020. C.R. at 21-30. The Office of

---

[1] Between pre-paginated pages 2 and 3 on this Court's ancillary petition for review form, Claimant inserts two typed pages setting forth the reasons for her appeal. We reference those typed pages as the "Attachment" to the Ancillary Petition for Review.

[2] A 1099-G Tax Form shows a recipient's total benefits from the Office of Unemployment Compensation Benefits for the previous year, along with any adjustments or taxable withholding. Unemployment compensation benefits are considered taxable income and recipients must include information from this form when filing their taxes for the applicable year. https://www.uc.pa.gov/faq/claimant/Pages/1099G-FAQs.aspx (last visited June 4, 2024). Claimant's 1099-G Forms were not included in the certified record; however, during the course of the proceedings before the Referee, Claimant had a spreadsheet she drafted admitted into evidence. Referee's Hearing, Notes of Testimony (N.T.) at 75. The spreadsheet reflects that Claimant received two 1099-G Forms for the year 2020, one for $3,960.00, and the other for $2,356.00.

UC Benefits issued the Determination because Claimant claimed PUA benefits when she was qualified to receive regular unemployment compensation benefits. *Id.* at 21.

Claimant appealed and a Referee conducted a hearing at which Claimant and her representative appeared.[3] On June 10, 2022, the Referee issued a determination affirming the Office of UC Benefits and finding that Claimant had a non-fraud overpayment of PUA benefits in the amount of $1,756.00. C.R. at 91-100. The Referee found that Claimant was not eligible for PUA benefits because she was eligible for regular unemployment compensation benefits. *Id.* at 93. Because she was ineligible for PUA benefits, the Referee held that Claimant was overpaid the PUA benefits; however, the overpayment was non-fraudulent. *Id.* at 93-94. Specifically, the record did not contain any competent evidence that Claimant knowingly falsified or withheld material facts in order to receive the PUA benefits. *Id.* at 94.

Claimant appealed to the Board, which adopted the Referee's findings of fact and conclusions of law and affirmed the Referee's decision. C.R. at 114. Claimant then filed a petition for review with this Court.[4]

---

[3] Claimant was represented by her father who is not an attorney. *See Harkness v. Unemployment Comp. Bd. of Rev.*, 920 A.2d 162 (Pa. 2007) (allowing a non-attorney to represent an employer in unemployment compensation proceedings).

[4] Our review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the necessary factual findings are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

**ISSUE**

This Court must decide whether the Board properly affirmed Claimant's non-fraud overpayment for PUA benefits that she received during the weeks that she was also eligible for regular unemployment compensation benefits.[5]

**DISCUSSION**

Claimant's brief recounts the facts surrounding this action and her frustrating attempts to seek benefits based on her separation from employment. As noted, many of the issues raised by Claimant are beyond the scope of this appeal. *See supra* n.5. The Board responds that, based on the facts of record, it is apparent that Claimant received PUA benefits when she was eligible for regular unemployment compensation benefits and that its determination should be affirmed.

On March 27, 2020, Congress enacted the Coronavirus Aid, Relief, and Economic Security (CARES) Act.[6] The CARES Act was created to provide financial assistance to individuals affected by the COVID-19 Pandemic. Section 2102(a)(3)(A)(i) of the CARES Act defines a "covered individual" as a person who "is not eligible for regular compensation or extended benefits under State or Federal Law . . . ." 15 U.S.C. § 9021(a)(3)(A)(i). Here, we must determine whether the Board properly held that Claimant was not a "covered individual" as set forth in the CARES Act.

---

[5] We acknowledge that Claimant has raised a number of other challenges in this appeal including the initial denial of her regular unemployment benefits; her arguable entitlement to PUA benefits at the time she had been denied regular unemployment compensation benefits; and her failure to receive all benefits to which she was entitled. These issues are clearly outside the scope of this appeal as the only issue before this Court is whether the Board properly affirmed the non-fraud overpayment. With that said, we sympathize with Claimant's confusion and difficulties she, and others like her, faced during these troubling times.

[6] 15 U.S.C. §§ 9001-9141.

Based on our careful review of the record, we do not believe the Board erred. The record reflects, and Claimant admits, that her initial request for regular unemployment compensation benefits was denied. *See* C.R. at 64 (Notice of Financial Determination, 5/18/20) ("This financial determination notifies you that you are not financially eligible for benefits."). The record also reflects that at some point thereafter, Claimant became eligible for regular unemployment compensation benefits. Admittedly, evidence of Claimant's subsequent eligibility is less clear but nevertheless exists.

The record does not contain any documents affirmatively showing when Claimant began to receive regular unemployment compensation benefits. Evidence of her eligibility and receipt of regular unemployment compensation comes in the form of documentary and testimonial evidence concerning the 1099-G Forms. During the Referee's hearing,[7] the following exchange took place:

> R[eferee:] Ms. Bauer, what I identified as Claimant 4, it appears to be a spreadsheet that you provided. Can you please turn to that page ma'am? Let me know when you get there.
>
> C[laimant's Representative:] It's the last one, Katie, that I prepared for you to send [the Referee]. It has your 1099Gs. It tells the total . . .
>
> R[eferee:] Hold on, hold on . . .
>
> C[laimant's Representative:] . . . compensated . . .
>
>  . . . .
>
> C[laimant:] I'm there.

---

[7] The transcript of the Referee's hearing is found at pages 69-89 of the Certified Record.

R[eferee:] It states that you received two 1099Gs. Do you recall what the reason that you received two 1099Gs were for, ma'am?

C[laimant:] No. I mean, this is so long ago, I don't remember. I don't even - - no, I don't know.

R[eferee:] And then the only other way you would receive two 1099Gs is if you were paid from the PUA system and you received a 1099G from there, and from regular unemployment, you received a 1099 from - - or a 1099G from there. Did you supply any updated information such as your tax return or any other [sic] toward the end of 2020 to show ineligibility for regular unemployment ma'am?

C[laimant:] No. I was never paid from that regular unemployment. I didn't submit anything. I was rejected. I didn't do anything with it.

R[eferee:] Did you supply any printouts from your ReliaCard or bank statements to show no payment from regular unemployment, ma'am?

C[laimant:] Not that I'm aware of.

R[eferee:] Did you supply any kind of printouts from your regular unemployment account to show that no payments were received from regular unemployment that justified a 1099G for 2020 from regular unemployment ma'am?

C[laimant:] I don't even think I have - - I don't even know if I have an account or a regular unemployment because it was rejected.

R[eferee:] And have you been in contact with regular unemployment since your Determination that was sent around June 10, 2021 and having guidance from them since that date?

C[laimant:] I've had no contact with anyone from the government with anything because they had not helped me

at all. Every time I tried to contact them, you can't get through.

. . . .

R[eferee:] Now, again, just to clarify for the record, the $6,256 that was [*sic*] a combination of two different distinct 1099Gs; is that correct ma'am?

C[laimant:] I don't know what you mean by 1099G.

R[eferee:] The 1099G is your document from unemployment to show how much your gross payments from unemployment was. Again, your spreadsheet shows that there were two separate 1099Gs that you received for 2020; does that sound accurate ma'am?

C[laimant:] I guess if that's showing what the $6,256. Then yes, that would have been all that I was paid.

Referee's Hearing, Notes of Testimony at 15-16; C.R. at 85-86.

Claimant's testimony that she did not receive regular unemployment compensation benefits during the period at issue is belied by the admitted existence of the 1099-G Forms for the year 2020. One of the 1099-G Forms was for the exact amount of the combined PUA and FPUC benefits that Claimant received ($2,356.00). Claimant had no explanation for the existence of the other 1099-G Form and could not confirm why she received it. Even more telling, Claimant did not attempt to prove she did not receive regular unemployment compensation benefits. The Board is the ultimate factfinder and is empowered to make credibility determinations. *Elser v. Unemployment Comp. Bd. of Rev.*, 967 A.2d 1064, 1069 n.8 (Pa. Cmwlth. 2009). In making such determinations, the Board is free to accept the testimony of any witness, "even uncontradicted testimony." *Russo v.*

7

*Unemployment Comp. Bd. of Rev.*, 13 A.3d 1000, 1003 (Pa. Cmwlth. 2010). Clearly, the Board rejected this portion of Claimant's testimony.

## CONCLUSION

The COVID-19 Pandemic presented our Commonwealth and its citizens with unprecedented difficulties and hardships. We appreciate and acknowledge the inconveniences and confusion Claimant faced in trying to obtain the benefits she was entitled to receive. Nonetheless, the record in this case supports the Board's determination that Claimant is liable for a non-fraud overpayment of PUA benefits in the amount of $1,756.00 and FPUC benefits in the amount of $600.00.

Accordingly, the order of the Board is affirmed.

_____
MATTHEW S. WOLF, Judge

8

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kathleen M. Bauer, :
                    Petitioner :
                             :
        v.                   :
                             : No. 471 C.D. 2023
Unemployment Compensation :
Board of Review, :
                    Respondent :

# **O R D E R**

AND NOW, this 5th day of June 2024, the order of the Unemployment Compensation Board of Review dated March 14, 2023 is AFFIRMED.

_____
MATTHEW S. WOLF, Judge