IN THE COMMONWEALTH COURT OF PENNSYLVANIA

MJ Crane Works, LLC,                          :
                          Petitioner          :
                                              :
            v.                                :     No. 1068 C.D. 2024
                                              :     Submitted: July 7, 2025
Unemployment Compensation Board               :
of Review,                                    :
                          Respondent          :


BEFORE:     HONORABLE RENÉE COHN JUBELIRER, President Judge
            HONORABLE MATTHEW S. WOLF, Judge
            HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
PRESIDENT JUDGE COHN JUBELIRER          FILED:  December 23, 2025

        MJ Crane Works, LLC (Employer) petitions for review of the July 12, 2024
Order of the Unemployment Compensation Board of Review (Board) dismissing its
appeal as untimely under Section 501(e) of the Unemployment Compensation Law
(Law)[1] because Employer filed its appeal more than 21 days after the Department of
Labor and Industry (Department) issued a Qualifying Separation Determination
(Determination) finding John Lipinski (Claimant) eligible for unemployment
compensation (UC) benefits.  The Board has asked this Court to dismiss Employer's
appeal because Employer is a limited liability company (LLC) that is not represented
by counsel.  Because Employer has not responded as to why, as an LLC, it does not
need to be represented by counsel before this Court, we dismiss Employer's appeal.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S.
§ 821(e).  Section 501(e) of the Law provides that an appeal from an unemployment determination
must be filed "no later than twenty-one calendar days after the 'Determination Date' provided on
such notice."  *Id.*

## I. BACKGROUND

On December 8, 2022, Claimant filed an application for UC benefits following his discharge from employment with Employer. (Certified Record (C.R.) at 3, 37.) On March 29, 2023, the Department issued its Determination, finding that Claimant was not disqualified from receiving UC benefits under Section 402(e) of the Law, 43 P.S. § 802(e).[2] (*Id.* at 52.) The Determination stated that the final date to file an appeal was April 19, 2023. (*Id.*) The Determination further stated that "MJ Crane Works LLC is also being notified of this [D]etermination and may appeal this decision" and that any "appeal must be received or postmarked by 04/19/2023." (*Id.*)

On September 20, 2023, Employer filed its appeal with the Referee, (*id.* at 63), who held an evidentiary hearing on October 20, 2023. At the hearing, Employer's witness testified that she filed the appeal on the date Employer received the Determination, which the Referee credited. (*Id.* at 122-23.) On that same date, the Referee reversed the Department's Determination, concluding that (1) Employer's appeal was timely filed, and (2) Claimant was ineligible for UC benefits because he was discharged from work for willful misconduct under Section 402(e) of the Law. (*Id.* at 123-24.)

Claimant timely appealed to the Board, asserting, *inter alia*, that "[t]he Referee's inquiry of the timeliness of the appeal was minimal and the record is insufficient to establish that th[e] appeal should be considered timely filed." (*Id.* at 138.) On February 20, 2024, the Board remanded the matter to the Referee to receive additional testimony on the timeliness of Employer's appeal. (*Id.* at 151-52.) The

---

[2] Section 402(e) of the Law provides that an employee is ineligible for UC benefits for any week "[i]n which his unemployment is due to his discharge . . . from work for willful misconduct connected with his work[.]" 43 P.S. § 802(e).

Referee held the remand hearing on April 2, 2024, at which one witness for Employer testified.

Thereafter, on July 12, 2024, the Board reversed the Referee's decision and dismissed Employer's appeal as untimely under Section 501(e) of the Law. The Board concluded:

> [E]mployer's witness testified she handles matters related to [UC] claims for [E]mployer. The witness testified the notice of Referee's hearing was mailed to [E]mployer's correct address. The witness testified [E]mployer would occasionally receive mail late, but it was not a huge issue and [E]mployer never reported the issue to the post office. The witness testified the owner of the company sorts the mail and passes correspondence regarding [UC] matters to her for handling. [E]mployer does not stamp mail as "received" upon receipt. The witness testified she could not recall when the March 29, 2023 [D]etermination was received, but she filed an appeal the same day. The record reflects [E]mployer filed an appeal on September 20, 2023. **The Board does not credit [E]mployer's assertion that the [D]etermination was not received for several months. [E]mployer has not shown good cause for its untimely appeal. [E]mployer has not met its burden of evidencing its untimely appeal was the result of fraud, a breakdown in the administrative process, or non-negligent conduct.**

(*Id.* at 204 (emphasis added).)

Employer now petitions this Court for review.

## II. ANALYSIS

We first address the Board's request to dismiss the appeal. The Board contends that this Court cannot consider Employer's appeal because Employer is an LLC proceeding without legal counsel, which is not permissible under Pennsylvania law.

In *Skotnicki v. Insurance Department*, 146 A.3d 271, 284 (Pa. Cmwlth. 2016), *affirmed on other grounds*, 175 A.3d 239 (Pa. 2017), this Court stated that

3

"Pennsylvania courts have . . . held that corporations may not act pro se in court, and [] non-attorneys may not represent them, regardless of the individual's status as the corporation's officer, director, shareholder[] or employee." The Superior Court has held that the prohibition against self-representation in court also applies to Pennsylvania LLCs. *See David R. Nicholson, Builder, LLC, v. Jablonski*, 163 A.3d 1048, 1053-54 (Pa. Super. 2017) (holding that because an "LLC is considered separate and distinct from its members," it may not proceed in court except through a licensed attorney), *disapproved of in part on other grounds*, *Bisher v. Lehigh Valley Health Network, Inc.*, 265 A.3d 383, 406 (Pa. 2021).

This Court's docket reflects that Employer's Petition for Review and appellate brief were both prepared and signed by Jennifer Schutt, who identifies herself merely as "HR." The form cover page of the Petition for Review states that Schutt is enclosing "the original and one copy of the petition for review I am filing as Petitioner (pro se – proceeding without a lawyer) and a proof of service . . . ." (Pet. for Rev., Cover Page.) We note that directly beneath Schutt's handwritten signature on that same page, the Petition for Review states, in bold font: "**NOTE: If the Petitioner is a corporation, it may NOT proceed *pro se* (without a lawyer). A corporation MUST be represented by a lawyer in court. *See Walacavage v. Excell 2000, Inc.*, 480 A.2d 281 (Pa. Super. 1984).**" (*Id.* (bold and capitalization in original).)

The Board filed its brief asking this Court to dismiss Employer's appeal for lack of legal representation on January 17, 2025, and our docket reflects that Employer did not file a reply brief or any other response to Board's request. Despite being on notice of this potential issue since its filing of the Petition for Review in August 2024 or, at the latest, the filing of the Board's brief in January 2025,

4

Employer has not made any argument as to why it would not be required to obtain legal counsel, nor did Employer obtain legal counsel to represent it before this Court.[3]  Under these circumstances, we are compelled to dismiss Employer's appeal.

### III.  CONCLUSION

Accordingly, because Employer, an LLC, has not responded as to why it does not need to be represented by counsel before this Court, we are compelled to dismiss Employer's appeal.

RENÉE COHN JUBELIRER, President Judge

---

[3] We recognize that Employer **was** permitted to appear *pro se* in the proceedings before the Referee and the Board.  *See* Section 214 of the Law, added by Section 3 of the Act of June 15, 2005, P.L. 8, 43 P.S. § 774 ("Any party in any proceeding under this act before the [D]epartment, a referee or the [B]oard, may be represented by an attorney **or other representative**.") (emphasis added); *see also Harkness v. Unemployment Comp. Bd. of Rev.*, 920 A.2d 162, 171 (Pa. 2007) (holding, in a plurality opinion, that "a non-lawyer representative representing an employer in [UC] proceedings before a referee is not engaging in the practice of law and [] the . . . Law permits such representation").

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

MJ Crane Works, LLC,                         :
                        Petitioner           :
                                             :
            v.                               :    No. 1068 C.D. 2024
                                             :
Unemployment Compensation Board              :
of Review,                                   :
                        Respondent           :

# **O R D E R**

NOW, December 23, 2025, we hereby **DISMISS** the Petition for Review filed by MJ Crane Works, LLC for the reasons set forth in the foregoing Memorandum Opinion.

_____
RENÉE COHN JUBELIRER, President Judge